**William S. MIX, Plaintiff–Appellant,**

v.

**DELAWARE AND HUDSON RAILWAY COMPANY, doing business as CP Rail System, Defendant–Appellee.**

No. 05–2302–CV.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

G. Sander Davis, Davis & Martillotti, P.C. (Gerald J. Martillotti and Stephanie A. Gahagan, on the brief), Philadelphia, Pennsylvania, for Plaintiff–Appellant.

Scott A. Barbour, McNamee, Lochner, Titus & Williams, P.C. (Francis J. Smith, on the brief), Albany, New York, for Defendant–Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant appeals an April 12, 2005, decision (Norman A. Mordue, *Judge*) granting defendant-appellee's motion for summary judgment on statute of limitations grounds, thereby dismissing plaintiff's claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et. seq.*, for hearing loss due to his employment in various capacities on the defendant's trains. We assume familiarity with the facts and procedural history of this case.

On a previous appeal, this court held that the three-year statute of limitations under FELA barred plaintiff from recovering for any injuries that took place before June 28, 1997. *Mix v. Del. & Hudson Ry. Co.*, 345 F.3d 82, 87–88 (2d Cir.2003). However, we vacated the district court's dismissal as to injuries after that date. We held that plaintiff may recover for injures sustained after June 28, 1997, if he could show either: 1) that he suffered a "distinct injury" during that period such that "his initial symptoms were temporary in nature, and based upon their accumulation, became permanent injuries only during the three-year period preceding his suit"; or 2) that a distinct act of negligence after June 28 "aggravated" his injury. *Id.* at 90–91. We remanded to the district court to determine if plaintiff could make such a showing. On remand, the district court again rejected plaintiff's contentions.

Plaintiff does not argue that a distinct act of negligence after June 28 aggravated

his injury. Rather, plaintiff claims that there exists a question of fact as to whether his injuries were only temporary before June 28 and that therefore it was inappropriate for the district court to resolve the case on summary judgment.

Summary judgment is proper where there is no genuine issue of material fact between the parties. Fed.R.Civ.P. 56(c). A moving party is entitled to summary judgment if it can show an absence of evidence supporting the other side such that no reasonable juror could find in favor of the non-movant. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003).

We agree with the district court that plaintiff has failed to present evidence sufficient to support an issue of material fact. Plaintiff's principal contention is that his hearing degenerated to such a degree after 1997 that his previous condition is "temporary" as this court used that term in *Mix* and therefore constituted a "distinct injury." We disagree. The *Mix* court cited *Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585 (6th Cir.2001), in fashioning its "distinct injury" test. *Mix*, 345 F.3d at 90–91. In *Fonseca*, the plaintiff experienced pain in his hands over a long period of time, but the pain would always subside after he finished work. The *Fonseca* court held that such chronic temporary pain fell outside the statute of limitations period. However, plaintiff also alleged that the pain later became permanent; it did not dissipate at the end of the day. *Fonseca* held that the change from temporary to permanent pain was a "distinct injury" that would occur for statute of limitations purposes at the time the change occurred. *Fonseca*, 246 F.3d at 587, 590–91.

Here, however, plaintiff has proffered no evidence suggesting that his hearing loss was at any time merely temporary. He has certainly brought forward substantial evidence that his hearing appreciably worsened in the period after June 28, 1997, but such evidence does not show that the condition was previously "temporary." The uncontroverted record shows that plaintiff experienced some permanent level of hearing loss before June 28. The fact that his condition became worse after that date does not show that it was previously temporary as that term was used in *Mix*.

We have considered plaintiff's remaining contentions and find them without merit.

For the reasons set forth above, the judgment of the District Court for the Northern District of New York is hereby **AFFIRMED**.